UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORDIA
FORT LAUDERDALE DIVISION
IN ADMRIALTY

Case Number:

DOLPHIN PARTNERS, LTD.
an Ohio limited liability company,

    Plaintiff,

vs.

YACHT PATH INTERNATIONAL, INC.
d/b/a YACHT PATH MARINE GROUP,
a New York Corporation, and UNITY SHIPPING
LINES, INC., a Florida Corporation,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff DOLPHIN PARTNERS, LTD ["DOLPHIN"] and sues Defendant, YACHT PATH INTERNATIONAL, INC. d/b/a YACHT PATH MARINE GROUP ["YACHT PATH"], and UNITY SHIPPING LINES, INC. ["UNITY"], and would allege as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages in excess of $75,000.00, exclusive of costs, interest and attorney's fees.

2. This is an admiralty and maritime action as contemplated by Rule 9(h) of the Federal Rules of Civil Procedure as it involves a maritime contract for the shipment of a Vessel, and this Court has jurisdiction pursuant to 28 U.S.C. § 1333.

3. Plaintiff DOLPHIN PARTNERS LTD. is an Ohio limited liability company, with a principal business address of 6847 Cintas Blvd., Mason, OH 45040.

{202658.0001/L4315476_1}

4.     Defendant YACHT PATH INTERNATIONAL, INC. d/b/a YACHT PATH MARINE GROUP, is a New York corporation authorized to do business in the State of Florida, with a principal business address of 2860 West State Road 84, Suite 118, Fort Lauderdale, FL 33312.

5.     Defendant UNITY SHIPPING LINES, INC. is a Florida corporation with a principal business address of 2401 PGA Blvd., Suite 155, Palm Beach Gardens, FL 34102.

6.     Venue is proper where one of the Defendant's principal place of business is in Broward County, Florida.

## GENERAL ALLEGATIONS

7.     Plaintiff reavers and realleges the allegations set forth in paragraphs 1 – 6 above as if fully set forth herein.

8.     Defendant YACHT PATH is a New York corporation which holds itself out as a full service yacht transport company, and a "worldwide leader in the yacht transportation industry."

9.     Defendant UNITY is a Florida corporation which holds itself out as a "US based specialized shipping company."

10.    Both YACHT PATH and UNITY have the same Directors: Dennis J. Cummings, and Kevin Cummings.

11.    On September 27, 2012, DOLPHIN entered into a contract with YACHT PATH and UNITY to ship the M/Y STELLAR from Palma de Mallorca, Spain to Port Everglades, Florida, for a price of $113,838.00.  *A copy of the Contract is attached hereto as **Exhibit A.***

12.    Specifically, under Clause 1, the Definition Section of the Contract, it states that "'Carrier' means Yacht Path and Unity Shipping Lines."  *See Exhibit A; page 4.*

13. The Contract provides that the "sailing date" will be "on/about October 2012." *See Exhibit A; page 3.*

14. On October 1, 2012, a representative of DOLPHIN and UNITY executed an addendum, wherein they agreed that "Dolphin Partner's Ltd. has the option to cancel the contract and receive a full refund of all monies paid if the above mentioned yacht is not loaded by November 5, 2012." *A copy of the Addendum is attached hereto as **Exhibit B.***

15. Pursuant to the terms of the Contract, DOLPHIN advanced $113,838.00 to YACHT PATH c/o UNITY on October 1, 2012. *A copy of the Invoice, marked "PAID," is attached hereto as **Exhibit C.***

16. Despite initial plans for the Defendants to have a ship pick up the M/Y STELLAR on October 10, 2012, by October 23, 2012 Defendants were still having problems getting a ship to Palma De Mallorca.

17. On October 24, 2012, at 4:22 p.m., Plaintiff sent an email to Kevin Cummings confirming that Defendants will not be able to provide a yacht transport for the M/Y STELLAR by November 5, 2012. Plaintiff also advised Defendants at that time that they wanted to cancel the contract and receive a full refund immediately of all monies paid, which totaled $113,838.00. One minute later, at 4:23 p.m., Kevin Cummings responded to that email, "message received." *See 10/24/12 emails attached hereto as **Exhibit D.***

18. After not receiving a refund of the $113,838.00 advanced to YACHT PATH and UNITY, Plaintiff made several attempts to contact the Defendants and was provided assurances over the phone on November 9, 2012, November 14, 2012, November 15, 2012 that the funds would be transferred back to Plaintiff.

19. Despite repeated demands, YACHT PATH and UNITY have failed to refund the $113,838.00 advanced for the shipping of the M/Y STELLAR.

## COUNT I: BREACH OF CONTRACT – YACHT PATH

20. DOLPHIN realleges and reavers the allegations contained in Paragraphs 1-19 above.

21. DOLPHIN advanced $113,838.00 to YACHT PATH for the shipment of the M/Y STELLAR from Palma De Mallorca, Spain to Port Everglades, Florida.

22. Pursuant to the terms of the Contract and Addendum, DOLPHIN had the option to cancel the contract and receive a full refund of all monies paid if the above mentioned yacht was not loaded by November 5, 2012.

23. On October 24, 2012, Defendant YACHT PATH conceded that they would not be able to load the M/Y STELLAR onto a yacht transport by November 5, 2012.

24. On October 24, 2012, Plaintiff informed Defendant YACHT PATH that they wanted to cancel the contract and receive a full refund of the $113,838.00 that had been advanced.

25. On October 24, 2012, Defendant YACHT PATH acknowledged Plaintiff's notice of cancellation and request for refund.

26. Despite repeated assurances that the refund would be sent, YACHT PATH has failed to return the $113,838.00.

27. DOLPHIN has suffered damages in the amount of $113,838.00, plus costs and interest.

## COUNT II: BREACH OF CONTRACT – UNITY

28. DOLPHIN realleges and reavers the allegations contained in Paragraphs 1-19 above.

29. DOLPHIN advanced $113,838.00 to UNITY for the shipment of the M/Y STELLAR from Palma De Mallorca, Spain to Port Everglades, Florida.

30. Pursuant to the terms of the Contract and Addendum, DOLPHIN had the option to cancel the contract and receive a full refund of all monies paid if the above mentioned yacht was not loaded by November 5, 2012.

31. On October 24, 2012, Defendant UNITY conceded that they would not be able to load the M/Y STELLAR onto a yacht transport by November 5, 2012.

32. On October 24, 2012, Plaintiff informed Defendant UNITY that they wanted to cancel the contract and receive a full refund of the $113,838.00 that had been advanced.

33. On October 24, 2012, Defendant UNITY acknowledged Plaintiff's notice of cancellation and request for refund.

34. Despite repeated assurances that the refund would be sent, UNITY has failed to return the $113,838.00.

35. DOLPHIN has suffered damages in the amount of $113,838.00, plus costs and interest.

WHEREFORE, Plaintiff, DOLPHIN PARTNER'S LTD., demands judgment against Defendants YACHT PATH and UNITY SHIPPING LINES, INC. in excess of $113,838.00, and for such other relief as the Court deems appropriate.

Dated: January 18, 2013                                    Respectfully submitted,

                                                               By: *s/ Robert D. McIntosh*
                                                                 Robert D. McIntosh (FBN: 115490)
                                                                 rdm@mcintoshschwartz.com
                                                                Adam B. Cooke (FBN: 0634182)
                                                                acooke@mcintoshschwartz.com
                                                                **McINTOSH SCHWARTZ P.L.**
                                                                888 S.E. 3rd Avenue, Suite 500
                                                                Fort Lauderdale, Florida 33316-1159
                                                                Phone: (954) 660-9888
                                                                Fax: (954) 760-9531
                                                           Attorneys for Plaintiff